PEOPLE ex rel. LANG v. YORK et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

MUNICIPAL CORPORATIONS—CHARTER OF GREATER NEW YORK—GRADE OF PATROLMEN.

> Under the charter of Greater New York (section 299), reorganizing the police force, and providing that all patrolmen who shall have served five years and upwards on the force shall be members of the first grade, to entitle a member to such grade he must have served for five years immediately preceding the reorganization of the force.
>
> O'Brien, J., dissenting.

Appeal from special term, New York county.

Application by John Lang for a writ of mandamus to compel Bernard J. York and others to assign him to the first grade on the police force. From an order granting the peremptory writ, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellants.

Philip Carpenter, for respondent.

VAN BRUNT, P. J. The respondent was appointed a patrolman on the police force of the municipality known as the "Mayor, Aldermen and Commonalty of New York," on the 25th of August, 1885, and continued on said force as a patrolman until the 13th of December, 1892, when he resigned from the force, and ceased to be a member thereof. On the 31st of December, 1897,—the day immediately preceding that on which the Greater New York charter went into effect,—the then board of police commissioners adopted a resolution reappointing the respondent, and the chief of police was directed to assign him to duty. Pursuant to such resolution, the respondent was assigned to duty, and placed in one of the grades existing at the time of the adoption of the resolution, to wit, the 31st of December, 1897. The grades prevailing at that time in the police force were those fixed by chapter 741 of the Laws of 1894. By the provisions of that act the members of the police force who were patrolmen appointed on and after the 1st of January, 1895, became members of the fifth grade. The grade in which the respondent was placed on the 31st of December, 1897, was the fifth, and the salary attached thereto was $1,000 per annum. This assignment and rate of compensation the respondent accepted, received, and acquiesced in up to the 18th of May, 1899. By section 299 of the charter of Greater New York, which went into effect on the 1st of January, 1898, it was provided that "all such members who are patrolmen, and who shall have served five years or upwards on said force, shall be members of the first grade"; and, claiming the benefit of this provision of the charter, on the 18th of May, 1899, the respondent demanded that he be placed in said first grade upon the ground that he had served five years and upwards on said force; and in counting his term of service the respondent was compelled to include the time served prior to the year 1892, when he resigned from the force

as above stated. The court below held that he was entitled to be placed in said grade by reason of such provision of the charter, and granted a peremptory writ of mandamus, from which determination this appeal is taken.

It seems to be plain that the provisions in question in favor of those patrolmen who had been members of the police force for a certain number of years was intended as a reward for the faithful discharge of duty by such patrolmen, or, because of the experience obtained during such term of service, their services became more important and valuable to the city. The respondent, having performed no police duty for over five years, and being disconnected with the force, certainly had not gained any efficiency in the discharge of the duties which his subsequent reappointment devolved upon him. In considering the construction to be placed upon statutes, it is important to determine what were the objects to be obtained by the legislation and the intention of the legislature in the enactment under consideration. Applying these rules to the case at bar, it is apparent that continuity of service was intended, because such continuity would necessarily give efficiency; and, as already stated, it was to reward such efficiency that the determination of grade by length of service was provided for. It may, however, be claimed that this conclusion is at variance with the rule laid down by the court in the case of People v. French, 46 Hun, 232. An examination of that case shows that the court reached the conclusion at which it arrived solely because of the peculiar language contained in the laws then existing relating to the retirement of policemen from the force. In that case it was held that, because the law provided that in determining the terms of service of any member of the police force service in the late municipal and metropolitan force, and subsequently in the police force of the city of New York, should be counted and held to be service in the police force in the city of New York, the intention of the law was disclosed that, when a portion of the service had been rendered by the applicant as a member of the metropolitan police force, a continuous term of service for the period of 20 years was not designed to be required on behalf of the applicant for retirement. The court say:

"For by this part of the section the twenty-years service may be made up of 'terms of service,' part of which may have been served in the metropolitan police force, and the residue in the police force of the city of New York. It is not required or directed that it shall be one continuous term of service, but that the time may be made up of 'terms of service.' And this language seems to have been selected for the purpose of providing for a case of this description."

The language of the statute now under consideration is entirely different. By section 299 direction was given for the creation of the new police force. It was undoubtedly dealing with existing facts, and with the condition of qualification arising from the experience which had immediately theretofore been obtained by the terms of service referred to in the act. It seems to us that it would be a forced interpretation of the language of the act, under the conditions under which the legislation took place, to hold that a man

who had been a member of the police force 10 years before, and who had lost all the skill which he had acquired by reason of his previous service, should be entitled to step into the first grade, which grade was given because of the supposed experience which had been obtained by service in the police force, and not lost by years of absence from police work. Under these circumstances we think that the intention of the legislature was to establish the grades provided for by section 299, based upon service which had immediately preceded the reorganization of the force. We think, therefore, that the court erred in granting the mandamus, and that the order appealed from should be reversed, with costs, and the motion denied, with costs. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. (dissenting). The relator had served upwards of five years as a patrolman, and, having resigned, was reappointed at the time the charter went into effect. Section 299 of the charter provides: "All such members who are patrolmen, and who shall have served five years or upwards on said force, shall be members of the first grade." Undoubtedly, the increased salary allotted to patrolmen of the first grade was based on the idea of experience during a certain number of years in the service, but there is nothing in the act requiring such service to be continuous. The relator, having served the requisite number of years on the force, presumably obtained that experience and efficiency entitling him to be ranked in the first grade. It seems to me to be a forced construction to hold that such service should have been continuous, because that, in effect, would debar one who, by sickness or other sufficient cause, had been prevented from serving continuously on the force. I think the rule laid down in People v. French, 46 Hun, 232, as to the construction to be given to statutes extending benefits to those who have served a certain number of years on the force, is applicable here, and that a construction similar to the one given to the statute in that case would accord to the relator the rights which he obtained in the court below. I therefore dissent.